# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Beaulieu Group, LLC, *et al*.[1], | : | Case No. 17-41677-bem |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| _____ | : | |
| PMCM 2, LLC, LIQUIDATING TRUSTEE FOR THE ESTATES OF BEAULIEU GROUP, LLC, *et al*., | : : : | |
| | : | |
| Plaintiff, | : | Adversary No. 19 - |
| | : | |
| v. | : | |
| | : | |
| PRITCHARD & JERDEN, INCORPORATED, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**COMPLAINT OF PMCM 2, LLC, LIQUIDATING TRUSTEE FOR
BEAULIEU GROUP, LLC, *ET AL*., TO AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550
<u>AND FOR OTHER RELATED RELIEF</u>**

PMCM 2, LLC, the liquidating trustee for the jointly administered estates of Beaulieu Group, LLC ("<u>Beaulieu</u>") and Beaulieu Trucking, LLC ("<u>Beaulieu Trucking</u>" and collectively with Beaulieu, the "<u>Debtors</u>"), brings this adversary proceeding, pursuant to Fed. R. Bankr. P. 7001, to avoid and recover transfers pursuant to 11 U.S.C. §§ 547, 548 and 550 and other related relief and respectfully alleges as follows:

---

[1] The Debtors in these cases along with the last four digits of their federal tax identification number are: Beaulieu Group, LLC (2636) and Beaulieu Trucking, LLC (0383).

Active\98317613.v1

## JURISDICTION AND VENUE

1. This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under or arising in or related to a case under title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).

3. Venue of the Debtors' bankruptcy cases and this adversary proceeding is properly in this district pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee (defined below) seeks to avoid and recover certain preferential and/or fraudulent transfers that Beaulieu made or caused to be made to or for the benefit of the Defendant (defined below), pursuant to Sections 547, 548 and 550 of the Bankruptcy Code, to disallow certain claims pursuant to Section 502(d) of the Bankruptcy Code and to recoup reasonable attorneys' fees and costs pursuant to Rule 7054 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PARTIES

5. Plaintiff is PMCM 2, LLC (the "Trustee" or "Plaintiff"), in its capacity as the liquidating trustee for the Debtors' estates.

6. Pritchard & Jerden, Incorporated ("Defendant") is an individual, corporation, limited liability company, partnership or sole proprietorship, whose state of incorporation, organization, existence or residence is unknown.

7. Upon information and belief, Defendant maintains a business address at 950 E. Paces Ferry Road, NE, Atlanta, GA 30326.

2

**FACTUAL BACKGROUND**

A.  **Bankruptcy and Procedural Background**

8.  On July 16, 2017 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under the Bankruptcy Code.

9.  On July 19, 2017, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases. [Docket No. 33].

10.  On July 21, 2017, the United States Trustee duly appointed a committee of the Debtors' unsecured creditors (the "Committee") pursuant to 11 U.S.C. § 1102. [Docket No. 50].

11.  On May 2, 2018, the Bankruptcy Court entered its Order (the "Plan Confirmation Order") Confirming First Amended Joint Plan of Liquidation Proposed by Debtors and Committee (the "Plan"). [Docket No 685].

12.  Under the Plan, "any rights or Causes of Action[2] accruing to or held by the Debtors or their Estates prior to the Effective Date shall be deemed Assets of, and vest in, the Liquidating Trust on the Effective Date . . . The Liquidating Trustee may pursue those rights of action, as deemed appropriate."  See [Docket No. 631], Plan at ¶ 6.15.

**COUNT ONE**
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

13.  The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

14.  On or within the ninety (90) days before the Petition Date (the "Preference Period"), Beaulieu transferred and/or caused to be transferred, to or for the benefit of Defendant in the form

---

[2] The Plan defines "Causes of Action" to include, among other things, all of the Debtors' or Estates' (as defined in the Plan) "actions, Claims, demands, . . . suits, causes of action . . . including all avoidance actions and rights to recover transfers voidable or recoverable under Sections 201, 542, 543, 544, 545, 547, 548, 549, 550, 551, and/or 553 of the Bankruptcy Code, . . . including any and all Claims against any Affiliates, members, officers, directors, managers, employees or other Insiders of the Debtors or their Affiliates." See [Docket No. 631], Plan at ¶ 1.24.

3

of one or more payments of monies and/or transfers of goods in, at least, the total amount of $630,148.14, as more specifically set forth below (the "Transfers"):

| Payment No. | Payment/Clear Date | Amount |
|---|---|---|
| 17004853 | 5/5/2017 | $8,500.00 |
| 17005005 | 5/12/2017 | $37,500.00 |
| 17005855 | 6/15/2017 | $392,287.00 |
| 17007218 | 7/12/2017 | $191,861.14 |
|  | **Total** | **$630,148.14** |

15. Each of the Transfers constituted a transfer of an interest in property of Beaulieu.

16. The bank account from which each Transfer was drawn was owned by Beaulieu.

17. Each of the Transfers was made, or caused to be made, to or for the benefit of the Defendant, a creditor of Beaulieu.

18. Each of the Transfers was made payable to and cashed by, or wired directly to and accepted by, the Defendant.

19. The Transfers were made, or caused to be made, for or on account of one or more antecedent debts owed by Beaulieu to the Defendant prior to the date on which such Transfer was made.

20. The Transfers were made in satisfaction of the Beaulieu's obligations pursuant to an agreement between Beaulieu and the Defendant, and were payment for goods previously delivered and/or services previously performed by the Defendant on behalf of Beaulieu.

21. Beaulieu was insolvent for purposes of 11 U.S.C. § 547(b) when each of the Transfers was made.

22. Beaulieu is presumed to be insolvent pursuant to 11 U.S.C. § 547(f) at the time each Transfer was made.

23. The Transfers enabled the Defendant to receive more than it would have received if Beaulieu's bankruptcy case was a case under chapter 7 of the Bankruptcy Code, if the Transfers

4

had not been made, and if Defendant received payment of the debt(s) relating to each such Transfer to the extent provided by the provisions of the Bankruptcy Code.

24. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT TWO
### (Avoidance of Transfers Pursuant to 11 U.S.C. § 548(a))

25. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

26. On or within two (2) years before the Petition Date (the "Fraudulent Period"), Beaulieu transferred and/or caused to be transferred, to or for the benefit of Defendant, in the form of one or more payments of monies and/or transfers of goods in, at least, the total amount of the Transfers.

27. Each of the Transfers constituted a transfer of an interest in property of Beaulieu.

28. The bank account from which each Transfer was drawn was owned by Beaulieu.

29. The Transfers were made to or for the benefit of the Defendant, with actual intent to hinder, delay or defraud a then-present or future creditor.

30. To the extent that on or more of the Transfers were not on account of an antecedent debt or were prepayments for goods or services subsequently received, Beaulieu received less than reasonably equivalent value in exchange for some or all of the Transfers.

31. Beaulieu was insolvent on the dates of the Transfers or became insolvent as a result of the Transfers; or (i) was engaged in business or a transaction for which any property remaining with Beaulieu was an unreasonably small capital at the time of, or as a result of the Transfers; or (ii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

5

32. The Transfers were made within two (2) years prior to the Petition Date.

33. Based upon the foregoing, the Transfers made by Beaulieu to the Defendant constitute avoidable fraudulent transfers pursuant to 11 U.S.C. § 548(a).

## COUNT THREE
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

34. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

35. The Defendant was the initial transferee of the Transfers.

36. The Defendant was the entity for whose benefit the Transfers were made.

37. Pursuant to 11 U.S.C. §§ 547(b) and 548(a), the Trustee may avoid the Transfers as preferential and/or fraudulent transfers and, pursuant to 11 U.S.C. § 550, the Trustee may recover for the benefit of Beaulieu's estate the Transfers, or the value of the Transfers, from the Defendant.

## COUNT FOUR
### (Disallowing, Barring and Expunging the Defendant's Claims Pursuant to 11 U.S.C. § 502)

38. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

39. The Defendant is the transferee of the Transfers, which are avoidable and recoverable under 11 U.S.C. §§ 547, 548 and 550.

40. The Trustee has demanded repayment of the Transfers.

41. The Defendant has failed and refused to turn over to the Trustee the value of the Transfers, or to otherwise repay the Transfers to the Trustee.

42. Pursuant to 11 U.S.C. § 502(d), if the Defendant asserts a claim against the Debtors, including by way of the filing of a proof of claim pursuant to Section 501 of the Bankruptcy Code

(a "Filed Claim") in these cases, any such claim must be disallowed until the Defendant pays to the Trustee the value of the Transfers.

43. Pursuant to 11 U.S.C. § 502(d), the Trustee is entitled to entry of judgment disallowing any claim(s) that the Defendant may hold against the Debtors.

## COUNT FIVE
### (Attorneys' Fees – Bankruptcy Rule 7054)

44. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

45. The Trustee has incurred significant legal fees and expenses to pursue the claims against the Defendant.

46. The Trustee is entitled to reasonable attorneys' fees pursuant to Bankruptcy Rule 7054.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter judgment in its favor and against the Defendant:

(a) declaring that the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Preference Period, or during the one year period prior to the Petition Date if the Defendant was an insider, that discovery may reveal) to the Defendant constitute avoidable preferential transfers pursuant to 11 U.S.C. § 547;

(b) declaring that the Transfers (plus the amount of any additional transfers of property of the Debtors to Defendant during the Fraudulent Period that discovery may reveal) to or for the benefit of the Defendant, each constitute an avoidable fraudulent transfer pursuant to 11 U.S.C. § 548;

(c) avoiding the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Preference Period or during the Fraudulent Period (in each case, as applicable to the cause of action) that discovery may reveal) and directing and ordering that the Defendant return to the Trustee, pursuant to 11 U.S.C. § 550, the full value of, and awarding judgment against the Defendant in an amount equal to (i) the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Preference Period or during the Fraudulent Period (in each case, as applicable to the cause of action) that discovery may reveal), and requiring the Defendant to immediately pay the foregoing to Trustee; (ii) pre-judgment and post-judgment interest from the date the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the during the Preference Period or

7

during the Fraudulent Period (in each case, as applicable to the cause of action) that discovery may reveal) were made through the date of the payment at the maximum legal rate; and (iii) the Trustee's attorneys' fees and costs incurred in this suit;

(d) disallowing any claim(s) the Defendant may assert against the Debtors, including Filed Claim(s), until such time as (i) the Defendant turns over to the Trustee any property deemed recovered pursuant to Section 550 of the Bankruptcy Code, and/or (ii) the Defendant has paid the amount for which the Defendant is liable pursuant to Section 550 of the Bankruptcy Code;

(e) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding pursuant to Bankruptcy Rule 7054; and

(f) awarding the Trustee such other and further relief as may be just and proper.

**THOMPSON HINE LLP**

By: */s/ John F. Isbell*
John F. Isbell, Esquire
Georgia Bar No. 384883
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Telephone (404) 541-2900
Facsimile: (404) 541-2905
*john.isbell@thompsonhine.com*
-and-
**FOX ROTHSCHILD LLP**
Michael G. Menkowitz
(Pennsylvania Bar No. 60412)
Jason C. Manfrey
(Pennsylvania Bar No. 307070)
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
Telephone : (215) 299-2000
Facsimile :  (215) 299-2150
*mmenkowitz@foxrothschild.com*
*jmanfrey@foxrothschild.com*

*Counsel for PMCM 2, LLC, the Liquidating Trustee for the jointly administered estates of Beaulieu Group, LLC, et al.*

Dated:  July 12, 2019

8

Active\98317613.v1